**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

REGINALD P. BURGESS,

Plaintiff,

v.

PENINSULA MARINA LLC; IRA RUSKIN individually and in his official capacity; PETER KARAGIANNIS; JANET SAILOR, individually and in her official capacity; BETSY VEGSO, individually and in her official capacity; and DOES 1 to 100,

Defendants.

Civil No. 01-897 (JRT/SRN)

**ORDER**

---

Reginald P. Burgess, P.O. Box 2747, Redwood City, CA 94064-2747, *pro se* plaintiff.

Edward M. Bull, III, BANNING, MICKLOW, BULL & LOPEZ, 100 Spear Street, Suite 1850, San Francisco, CA 94105; Greg J. Johnson JOHNSON & van VLIET, 332 Minnesota Street, Suite W975, St. Paul, MN 55101, for defendant Peninsula Marina.

Joseph L. Howard, HOWARD, ROME, MARTIN & RIDLEY, 643 Bair Island Road, Suite 400, Redwood City, CA 94063; Mark J. Heley, MEAGHER & GEER, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants Ruskin and the City of Redwood.

Steven E. McDonald, LANAHAN & REILLEY, 1100 Larkspur Landing Circle, Larkspur, CA 94939; Shari L. Jerde, DORSEY & WHITNEY, Pillsbury Center, 220 South Sixth Street, Minneapolis, MN 55402, for defendants Karagiannis, Sailor, and Boat Owners Association of Northern California.

FILED MAY 30 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. MAY 30 2001
DEPUTY CLERK

David T. Vanalek, GORDON & REES, 275 Battery Street, 20th Floor, San Francisco, CA 94111; Mark J. Heley, MEAGHER & GEER, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants Vegso, and Peninsula Conflict Resolution Center.

Plaintiff brings this action against defendants alleging, *inter alia*, violations of the Fair Housing Act, 42 U.S.C. §§ 3617 *et seq.*, Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, racial discrimination in contract under 42 U.S.C. § 1981, and deprivation of constitutional rights under 42 U.S.C. § 1983 in connection with defendants planned development of the Peninsula Marina in Redwood City, California where plaintiff currently resides.

On January 18, 2001, defendants announced their intention to build a development complex on the land where the Peninsula Marina is now located. The planned development required current tenants of the marina, including plaintiff, to vacate the premises by May 31, 2001. Plaintiff challenges defendants' actions, claiming they violate his marina housing contract and that defendants' conduct is motivated by racial discrimination and an intent to interfere with plaintiff's housing rights. Plaintiff further alleges that defendants have operated collectively as an enterprise to defraud plaintiff, constituting unlawful racketeering activity in violation of RICO.

This matter is now before the Court on plaintiff's motion for a temporary restraining order to prevent plaintiff's eviction. This motion came before the Court on

May 29, 2001 by telephone conference. Defendants immediately raised the defenses of lack of personal jurisdiction and improper venue. Fed. R. Civ. P. 12(b)(2) and (3).[1]

After hearing arguments from both sides concerning personal jurisdiction and venue, the Court finds that, based on the record before it, plaintiff has failed to demonstrate a *prima facie* case of personal jurisdiction over any of the defendants in this case. *See Clune v. Alimak*, 233 F.3d 538, 541 (8th Cir. 2001) ("To successfully challenge a dismissal for lack of personal jurisdiction, the plaintiff must make a prima facie showing that jurisdiction is proper.") Each of the named-defendants are either incorporated or reside in the state of California and have no known contacts or connection with the district of Minnesota.[2]

Venue is also improper under 28 U.S.C. § 1391(b). None of the named-defendants reside in Minnesota. *See* § 1391(b)(1). Additionally, the property and pertinent events giving rise to this dispute arose in California, not Minnesota. *See* § 1391(b)(2) (venue proper "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

[1] Counsel for each defendant also stated on the record that they were appearing before the Court for the limited purpose of raising these defenses.

[2] Plaintiff mentions some Minnesota contacts by Peninsula Marina's parent corporation, Glenborough Realty Trust. However, according to the civil cover sheet and the caption of the pleadings, plaintiff has sued only Peninsula Marina, not Glenborough Realty. Personal jurisdiction over Glenborough, if any, has not been analyzed by the Court.

is situated). Finally, § 1391(b)(3) is inapplicable because this case could be brought in California.[3]

For these reasons, the Court dismisses plaintiff's claims against defendants without prejudice. Because the Court dismisses plaintiff's complaint for lack of personal jurisdiction and improper venue, the Court does not consider plaintiff's motion for a temporary restraining order.

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 30, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

[3] Plaintiff's reliance on 18 U.S.C. § 1512(g) and (h) for establishing venue is misplaced. The plain language of the statute clearly demonstrates that § 1512 applies to criminal prosecutions, not civil actions.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** May 30, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd