**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

REGINALD P. BURGESS,

Plaintiff,

v.

PENINSULA MARINA LLC, IRA RUSKIN individually and in his official capacity, PETER KARAGIANNIS, JANET SAILOR, individually and in her official capacity, BETSY VEGSO, individually and in her official capacity, and, DOES 1 to 100,

Defendants.

Civil No. 01-897 (JRT/SRN)

**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION**

---

Reginald P. Burgess, P.O. Box 2747, Redwood City, CA 94064-2747, *pro se* plaintiff.

Edward M. Bull, III, BANNING, MICKLOW, BULL & LOPEZ, 100 Spear Street, Suite 1850, San Francisco, CA 94105; Greg J. Johnson JOHNSON & van VLIET, 332 Minnesota Street, Suite W975, St. Paul, MN 55101, for defendant Peninsula Marina.

Joseph L. Howard, HOWARD, ROME, MARTIN & RIDLEY, 643 Bair Island Road, Suite 400, Redwood City, CA 94063; Mark J. Heley, MEAGHER & GEER, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants Ruskin and the City of Redwood.

Steven E. McDonald, LANAHAN & REILLEY, 1100 Larkspur Landing Circle, Larkspur, CA 94939; Shari L. Jerde, DORSEY & WHITNEY, Pillsbury Center, 220 South Sixth Street, Minneapolis, MN 55402, for defendants Karagiannis, Sailor, and Boat Owners Association of Northern California.

FILED JUL 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

David T. Vanalek, GORDON & REES, 275 Battery Street, 20th Floor, San Francisco, CA 94111; Mark J. Heley, MEAGHER & GEER, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants Vegso, and Peninsula Conflict Resolution Center.

On May 30, 2001, the Court dismissed plaintiff's complaint without prejudice for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure. Plaintiff now moves pursuant to Rule 60(b) to re-open his case and issue a temporary restraining order in plaintiff's favor on the basis that "newly discovered evidence" establishes personal jurisdiction over defendants.

In support of his motion, plaintiff attaches a five-page printout that lists property holdings of Glenborough Realty Trust. Of the nearly 100 properties listed, three are located in Minneapolis. As the Court noted in its previous Order, plaintiff did not name Glenborough as a defendant in the case. Moreover, the Court does not believe that the attached printout constitutes "newly discovered evidence which by due diligence could not have been [previously] discovered." Fed. R. Civ. P. 60(b)(2). Accordingly, plaintiff's emergency ex parte motion to re-open case pursuant to rule 60(b) [Docket No. 14] is **DENIED**.

DATED: July 19, 2001
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge